No. 7.—LARKIN R. GUNN, plaintiff in error, *vs.* ISAAC HOWELL, garnishee, and the administrator of James M. Calloway, deceased, defendants in error.

After an acquiescence of twelve years or more, in a judgment, and its payment, it is too late to move to vacate it, where there is no fraud or circumvention.

Motion to vacate and set aside judgment, in Taliaferro Superior Court. Decision by Judge THOMAS, at August Term, 1856.

James M. Calloway as bearer, brought suit to the January Term, 1837, of Taliaferro Superior Court, against Archibald G. Jones and Larkin R. Gunn, on three promissory notes, of five hundred dollars each.

On the 7th February, 1839, *scire facias* to make parties, was issued, reciting that Calloway had died and that Mal-

colm Johnston and Samuel Johnston, had been appointed his administrators, and that he had, prior to his death, instituted his action of assumpsit for the sum of *five hundred dollars*, besides interest, against said Jones and Gunn. This *scire facias* was made returnable to the next Term of Taliaferro Superior Court, and required Gunn and Jones, or their attorneys, to show cause why said administrators should not be made parties, &c.; and was served by leaving a copy at the "most notorious abode of A. H. Stephens, attorney for defendants."

At the March Term, 1839, of said Court, in the case of

James M. Calloway,
       *vs.*         } *Scire facias.*
Larkin R. Gunn, and
Archibald G. Jones.

The presiding Judge made the following entry on the docket—" March, 1839, parties made, and verdict."

Upon the execution docket, was the following entry :

"Malcom Johnston, and Samuel Johnston, administrators, *vs.* Archibald G. Jones, principal, Larkin R. Gunn, security. } In Taliaferro Superior Court. Judgment signed, March 7th, 1839. *Fi. fa.* issued March 14th, 1839.

Principal debt, . . . . . . . . . . . $1,500 00
Interest to judgment, . . . . . . . . . 170 00
Costs, . . . . . . . . . . . . . . . . 14 68¾
I know of no property subject to the within *fi. fa.*

                   G. OVERTON, Sheriff.
March 16th, 1839."

Afterward, Isaac Howell was garnisheed by plaintiffs, and at March Term, 1843, upon his answer and return, judgment was taken and signed against him for the sum of $2,011 58,

the amount which he admitted was in his hands belonging to Gunn, and it was proved that Howell the garnishee paid off the judgment.

In this state of things, at the August Term, 1856, the following motion was made, to-wit:

"James M. Calloway,

vs.                            } Taliaferro Superior Court.

Archibald G. Jones, and

Larkin R. Gunn, security.

Ordered, That judgment in the above stated case be vacated and rendered invalid, it appearing to the Court that said judgment was rendered in favor of the plaintiff after his death."

Which motion upon argument, was refused, and counsel excepted.

Counsel for Gunn, then moved to take the following order:

" Malcom Johnston, and

Samuel Johnston,

vs.                            In Taliaferro Superior Court.

Archibald G. Jones, and      Judgment and garnishment.

Larkin R. Gunn,

Isaac Howell, garnishee.

It appearing to the Court that at the March Term, 1843, of said Court an order was had, allowing judgment to be signed against the garnishee, Isaac Howell; that judgment was signed against him in pursuance of said order, on the 8th of March, 1843; that at the February Term, 1856, of said Court, an order was taken, amending *nunc pro tunc* the above mentioned order, taken at March Term, 1843; and it further appearing, that the original judgment against Jones and Gunn, on which said garnishment is founded, is in favor of James M. Calloway; that said original judgment is void, because said Calloway was dead when verdict was rendered and judgment taken, and before *parties* were, or could, from

the state of the record and pleadings, have been made; that the Sheriff did not, at the proper time, make the proper entry upon the execution founded on said judgment; and it further appearing that the *nunc pro tunc* order was taken, without notice to Jones and Gunn, or their being represented by counsel, and after the death of both Jones and Gunn; that the facts recited in said *nunc pro tunc* order, as legally appearing to the Court, did not appear; that if the facts did appear as recited in the *nunc pro tunc* order, they were not sufficient to authorize either the original or *nunc pro tunc* order; that the *nunc pro tunc* order, alters the sounding and caption of the case, and was taken twelve years after the order which it amends, *nunc pro tunc;* therefore it is ordered that the judgment against Isaac Howell, and the order allowing said judgment to be signed, be both vacated, and that the *nunc pro tunc* order be vacated also."

Which order was wholly and in every part refused; and counsel for Gunn excepted.

In support of the first moved order, the following entry upon the minutes of the Court, was used in evidence, to show the death of James M. Calloway, previous to the rendition of judgment.

"Wednesday morning, March 6th, 1839.

The Honorable Superior Court met pursuant to adjournment—Present his Honor, GARNETT ANDREWS, Judge.

Larkin R. Gunn,
    *vs.*
James M. Calloway,        Death of Calloway, sug-
Thomas J. Shackelford,    gested."
Archibald G. Jones.

After the refusal of the above stated motion, Malcom Johnston and Samuel Johnston, representatives of James M. Calloway, deceased, by their counsel, moved to take the following order, to-wit:

Gunn vs. Howell, garnishee, &c.

"Friday, August 29th, 1856.

James M. Calloway,

*vs.*

Archibald G. Jones, and

Larkin R. Gunn.

In Taliaferro Superior Court.

*Scire facias*, on the suggestion of the death of plaintiff, James M. Calloway, having issued returnable to the March Term, 1839, of said Court to make Malcom Johnston and Samuel Johnston as administrators, &c. of James M. Calloway, deceased, parties plaintiffs, in lieu of said James M., deceased, and it appearing to the Court that said Malcom and Samuel were, as such administrators, made parties plaintiff, in said original case, at the said March Term, 1839, before the verdict and judgment were rendered in said original case, which said verdict and judgment were generally in the name of the plaintiffs without specifying any particular plaintiff; and it further appearing to the Court, that the order making such parties plaintiffs, was omitted, by mistake, to be entered upon the minutes of the Court, at the proper term : It is ordered by the Court that this order be entered upon the minutes of this Court as of the March Term, 1839, making said Malcom and Samuel as administrators, &c., of James M. Calloway, deceased, parties plaintiffs, in lieu of said James M. deceased; and it is further ordered, that said verdict and judgment in said original case stand in the name of said Malcom and Samuel, as such administrators, who were the parties plaintiffs at the time such verdict and judgment were rendered in said original case. This order to be entered *nunc pro tunc.*"

Which order, upon argument had, was allowed, and entered upon the minutes of the Court, and counsel for Gunn, excepted.

FOUCHE & ANDREWS, for plaintiff in error.

THOMAS; and L. STEPHENS, represented by T. R. R. COBB, for defendants in error.

*By the Court.*—McDONALD, J. delivering the opinion.

This case brings up three distinct judgments pronounced in the Court below on three motions, in one of which Isaac Howell was a party, and in the other he was not a party. A motion was made to dismiss the bill of exceptions, for want of service on Isaac Howell, or his attorney; service was acknowledged, and the acknowledgment is in the following words:

"I acknowledge service of copy of the 'within bill of exceptions, and agree that the exceptions to all the motions be taken up in one bill, this the 4th day of October, 1856.

(Signed,)                    LINTON STEPHENS."

Mr. Stephens did not sign as attorney for either of the parties. Only two members of the Court presided; my brother BENNING, was of opinion that the service was not sufficient in the case to which Howell was a party, it having been stated in the argument, that Stephens did not represent Howell in the Court below, and there being nothing of record to show that he did, and he not having signed as attorney for any one. I thought the service sufficient. Mr. Stephens is a known attorney of the Court, and the acknowledgment embracing a consent that the exceptions to all the motions be taken up in one bill, and he not signing for any particular defendant, ought to be held to have acknowledged for all. It was admitted, that he is now the attorney of Howell. A question then arose as to the effect of this disagreement. My own opinion was that no judgment could be pronounced on the motion to dismiss, and that the cause must proceed. My brother BENNING, however, entertained a different opinion, and thought that he could not hear a case, which he conscientiously believed was not before the Court, for the want of proper service. The consequence was, that the cases to which Howell was not a party could alone be heard.

The first of the motions to which Howell was not a party,

in the order in which they are presented in the bill of exceptions, is the motion to vacate and render invalid a judgment in favor of James M. Calloway *vs.* Archibald G. Jones and Larkin R. Gunn, on the ground, that it had been rendered in favor of the plaintiff, after his death. The Court refused the motion, and on that refusal, error is assigned. The judgment was rendered on 7th day of March, 1839. At March Term, 1839, the case was stated against the defendants, in the name of James M. Calloway, and not in the name of his administrators, and entitled "*scire facias.*" The *scire facias*, by the way, a very irregularly drawn process, issued in the name of the administrators, on the 7th day of February, 1839, calling on the defendants or *their attorney*, to show cause why the administrators should not be made parties plaintiffs, and why a judgment should not be rendered accordingly in such case made and provided. At the Term of the Court at which the defendants were required to appear personally or by attorney, to show cause as aforesaid, the presiding Judge made the following entry on the docket: "Parties made, and verdict for plaintiff." The presumption is, that parties were made as proposed in the *scire facias*, to-wit: That the administrators were made parties plaintiffs, in lieu of the deceased James M. Calloway. The verdict of the jury is for the plaintiff. The administrators were then plaintiffs. The Clerk issued an execution seven days after the date of the judgment, in favor of the administrators as plaintiffs, and the Sheriff two days thereafter, made his return thereon. A garnishment was issued and the debt and effects of one of the defendants was levied on in the hands of a third person, judgment entered against him, and the money collected. The parties, defendants and garnishee, have acquiesced in the judgments against them respectively, ever since the 8th of March, 1843, up to the movement in 1856. No fraud is alleged or complained of against the plaintiffs. The history of the case as detailed here, shows that the only matter complained of was the omission of the Clerk to put on the minutes an order to make

parties, which we are bound, upon legal principles, to presume was passed by the Court. The motion to set aside the judgment, was predicated, then, on mere official neglect in the Clerk, nothing more. It was a want of adherence to a mode of proceeding, and was the omission to put an order to make parties on the minutes, which was necessary, to the due and orderly conducting of the suit. *Tidd's Practice* 512. The application to set aside proceedings for irregularity should be made as early as possible; and if there has been any irregularity, if the party overlooked it, and took subsequent steps in the cause, he could not afterwards revert back to the irregularity and object to it. *Tidd* 513.

The parties were made, so says the evidence; the judgment was rendered, so says the record; and the money is presumed to have been long since paid—more than twelve years ago. No precedent, I apprehend, can be found, where the Court has set aside proceedings for such an irregularity, where there has been a final close of the business, the money paid, and thirteen years acquiescence. In the case of *Soulden & Smith vs. Cook,* 4 *Wendall's Reports* 217, the Court refused to set aside a judgment for irregularity after a lapse of ten years, and held that where there was no fraud or circumvention, it should not, after so long a time, be set aside on its merits.

It may be seen from what has been said, that in our opinion, there was no error in the order to correct the judgment, however unnecessary it was to do it at this late day; we will presume that the Court had sufficient legal evidence of the death of the party, to authorize the proceeding.

Judgment affirmed.